**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **LOUISVILLE LADDER, INC.** | § | Case No. ___________________ |
| | § | |
| Plaintiff, | § | Patent Case |
| | § | |
| v. | § | Jury Trial Demanded |
| | § | |
| **WERNER CO,** | § | |
| | § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Louisville Ladder, Inc. ("Louisville Ladder"), though its attorney, complains of Werner Co. ("Werner" or "Defendant"), and alleges the following:

## I. PARTIES

1. Plaintiff Louisville Ladder, Inc. is a corporation organized and existing under the laws of the State of Delaware and maintains a principal place of business at 7765 National Turnpike, Unit 190, Louisville, Kentucky 40214.

2. Defendant Werner Co. is believed to be a corporation organized existing under the laws of the State of Delaware and maintains its principal place of business at 93 Werner Road, Greenville, PA 16125.

## II. JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent

infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and throughout the United States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other things, Defendant is subject to personal jurisdiction in this Judicial District, upon information and belief has a regular and established place of business in this Judicial District, has purposely transacted business by making, using, offering for sale and/or selling products in this Judicial District through many retailers, such as Lowe's, which, upon information and belief, has five (5) locations within this Judicial District, has completed sales to one or more customers in Texas, and certain acts complained of herein, including acts of patent infringement, occurred in this Judicial District.

6. Defendant is subject to the Courts jurisdiction pursuant to the due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and/or services provided to customers in Texas.

## III. PATENT-IN-SUIT

7. Louisville Ladder is the assignee of all right, title and interest in United States Patent No. 7,000,731 (the "'731 Patent" or the "Patent-in-Suit"). Louisville Ladder has all rights to enforce and prosecute actions for infringement and to seek damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Louisville Ladder possesses the exclusive right and standing to prosecute the present action for infringement of the '731 Patent by Werner. A true and correct copy of the '731 Patent is attached to this Complaint as Exhibit A and is incorporated herein by reference.

8. On February 21, 2006, the United States Patent and Trademark Office issued the '731 Patent. The '731 Patent is titled "Multi-Material Cover for A Ladder Rail End." The application which matured into the '731 Patent was filed on July 30, 2002 and was assigned Serial No. 10/207,926.

9. The '731 Patent is valid and enforceable.

10. The invention in the '731 Patent is a ladder rail end cover, such as a ladder boot or a ladder shoe, and a method of manufacturing the same, wherein the cover at least maintains the slip or skid resistance of a ladder rail and also protects a portion of the ladder rail. Ex. A at 2:34-38.

11. Louisville Ladder, though its attorneys, provided notice to Werner's of its infringement by sending a Notice of Infringement letter around July 12, 2017. Despite that notice, Werner continues to infringe the Patent-in-Suit.

## IV. COUNT I: INFRINGEMENT OF THE '731 PATENT

12. Louisville Ladder repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though they were fully rewritten here.

13. Louisville Ladder has not licensed or otherwise authorized Werner to make, use, offer for sale, sell, or import any products that embody the inventions of the '731 Patent.

14. Werner has directly infringed and continues to directly infringe the '731 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling and/or importing into the United States products that satisfy each and every limitation of one or more of the claims of the '731 Patent. Attached as Exhibit B is a spreadsheet that lists and includes, but not limited to, the Werner models that infringe

the ‘731 Patent. Attached as Exhibits C - G are pdf copies of screen-shots of Werner’s Internet website pages that display five (5) of the models listed in Exhibit B.

15. Werner has indirectly infringed and continues to indirectly infringe ore or more of the claims of the ‘731 Patent by knowingly and intentionally inducing others, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products satisfy each and every limitation of one or more of the claims of the ‘731 Patent.

16. Werner, with knowledge that the products infringe the ‘731 Patent, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the ‘731 Patent by providing infringing products for sale at retail locations across this Judicial District, in Texas, and throughout the United States.

17. Werner has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others infringe the ‘731 Patent, but while remaining willfully bling to that infringement.

18. Louisville Ladder suffered, and continues to suffer, damages as a result of Werner’s direct infringement of the ‘731 Patent in an amount to be determined at trial.

19. Louisville Ladder has suffered, and will continue to suffer, irreparable harm as a result of Werner’s infringement of the ‘731 Patent, for which there is no adequate remedy at law, unless Werner’s infringement is enjoined permanently by this Court.

## V. JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, Louisville Ladder respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Louisville Ladder asks this Court to enter judgment against Werner, granting the following relief:

A. A declaration that Werner has infringed the Patent-in-Suit;

B. An award of damages to compensate Louisville for direct infringement of the Patent-in-Suit;

C. An order that Werner and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing the '731 Patent under 35 U.S.C. § 283;

D. An award of damages, including trebling of all damages, sufficient to remedy Werner's willful infringement of the '731 Patent under 35 U.S.C. § 284;

E. A declaration that this case is exceptional, and award to Louisville Ladder its reasonable attorney's fees, expenses, and costs under 35 U.S.C. § 285;

F. An award of prejudgment and post-judgment interest; and

G. Such other and further relief as this Court deems just and proper.

Dated: September 28, 2018

Respectfully submitted,

**BEIK LAW FIRM, PLLC**

By: /s/Paul S. Beik

Paul S. Beik
Texas Bar No. 24054444
BEIK LAW FIRM, PLLC
8100 Washington Avenue, Suite 1000
Houston, Texas 77007
Tel: (713) 869-6975
Fax: (713) 868-2262
Email: paul@beiklaw.com

**ATTORNEY FOR PLAINTIFF**
**LOUISVILLE LADDER GROUP, LLC**